IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-60553
Summary Calendar

MARIA DEL ROSARIO ALMENDAREZ

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 556 893

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Maria del Rosario Almendarez, a native and citizen of Mexico, seeks review of an order of the Board of Immigration Appeals (BIA) accepting the finding of an immigration judge (IJ) that she is statutorily inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) because she made a false claim of U.S. citizenship by using a false United States passport to enter the United States in 1999. "When, as here, the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration judge as well as the decision of the BIA." Ahmed v. Gonzales, 447 F.3d 433, 437 (5th Cir. 2006). We review the BIA's factual findings under the substantial evidence standard, which requires that the decision be affirmed unless the "evidence compels a contrary conclusion." Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

Almendarez argues that the Government failed to meet its burden under 8 C.F.R. § 1240.8(a) to establish by "clear and convincing" evidence that she was deportable. However, the Respondent correctly observes that Almendarez had the burden of proof under 8 U.S.C. § 1229a(c)(2). In addition, Almendarez had the burden under § 1229a(c)(2)(A) of specifically establishing that she was not inadmissible under § 1182(a)(6)(C)(ii).

Almendarez contends that the IJ should not have relied upon the statement she signed at the conclusion of a January 2005 interview with a United States Citizenship and Immigration Services (USCIS) officer because the statement was inaccurate due to mistranslation during the interview and because the statement was not read to her in Spanish before she signed it. Almendarez also argues that the IJ mischaracterized her testimony as vague when in fact she demonstrated an understanding of the difference between a passport and a green card. However, the IJ credited the testimony of the USCIS officer regarding the January 2005 interview, and this testimony, together with the sworn statement, constituted substantial evidence that Almendarez used a false United States passport to enter the United States in 1999. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). In addition, substantial evidence also supports the IJ's assessment of Almendarez's testimony. See id. In any case, the record does not compel "a contrary conclusion," especially given the great deference we must give to the IJ's credibility determinations. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Accordingly, we deny the petition for review with respect to this claim.

Almendarez also contends that the IJ's ruling that she was statutorily inadmissible should be reversed because the IJ's reliance on "sticky notes" in the record was improper. The record shows that Almendarez failed to raise her argument regarding the "sticky notes" before the BIA. Accordingly, we dismiss the petition for review in part for lack of jurisdiction over this claim. See 8 U.S.C. § 1252(d)(1); Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Almendarez also contends that the IJ and BIA violated her due process rights in ordering her removed based on a sworn statement that was elicited without a qualified and accurate translator. Due process claims are not generally subject to § 1252(d)(1)'s exhaustion requirement, but the jurisdictional bar does apply to claims of "procedural errors that are correctable by the BIA." Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004). Although her claim is couched in due process terms, Almendarez complains of a procedural error correctable by the BIA. See id. at 137. The record shows that Almendarez did not raise her procedural due process claim before the BIA. Accordingly, we dismiss the petition for review in part for lack of jurisdiction over this claim.

DENIED IN PART; DISMISSED IN PART.